UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DREW HEARN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-179** |
| **TODD BLANCHE, ACTING U.S. ATTORNEY GENERAL, IN HIS OFFICIAL CAPACITY** | **SECTION "B" (5)** |

# ORDER

Before the Court are Defendant's Motion for Summary Judgment (Rec. Doc. 26), Plaintiff's Opposition (Rec. Doc. 37), and Defendant's Reply (Rec. Doc. 38).

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 26) be **GRANTED**.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Drew Hearn ("Plaintiff") served as a Task Force Officer with the Drug Enforcement Agency ("DEA") from October 2020 to September 14, 2023. (Rec. Doc. 26-1 at 2; Rec. Doc. 37 at 2.) Around March 26, 2021, Plaintiff applied to become a Special Agent with the DEA and received conditional acceptance for the position on March 21, 2022. (Id.) The acceptance was conditioned upon a legion of requirements, including successful completion of a polygraph examination. (Id.) Notably, an applicant for DEA Special Agent positions who receive a finding of Countermeasure[1] on their polygraph exam are removed from consideration. (Id.)

Plaintiff's first polygraph exam occurred on June 15, 2022, administered by Special Agent Kenneth Delgado. (Rec. Doc. 26-1 at 4; Rec Doc. 37 at 3.) Plaintiff received "No Opinion"[2] on the Suitability portion of the examination. (Rec. Doc. 26-8 at 2.) Special Agent Paulette Origel

[1] Rec. Doc. 26-6 at 4 (Countermeasure is defined as a "conscious or deliberate attempt of the examinee to affect the outcome of the polygraph examination.").
[2] Rec. Doc. 26-6 at 4 ("No Opinion" meaning "a result is unable to be determined. If any relevant question results in NO decision, the polygraph examiner should conduct additional testing…").

conducted a quality control review of the first exam and concurred with the results. (Rec. Doc. 26-8 at 2).

Thereafter, Plaintiff underwent a second polygraph exam on August 4, 2022. (Rec. Doc. 26-1 at 4; Rec. Doc. 37 at 5; Rec. Doc. 26-8 at 2.) Special Agent Stephen Davis conducted the second exam and found that Plaintiff had engaged in countermeasures during the National Security and Suitability portions. (Rec. Doc. 28-8 at 2.) Staff Coordinator Joe Collins conducted a quality control review of the second exam and concurred with the overall results. (Id.). A second quality control review was conducted by DEA Polygraph Unit Chief Daniel Holcomb, who concurred with Staff Coordinator Collin's findings. (Id.)

Due to the two countermeasures, the DEA rescinded Plaintiff's conditional offer letter on August 16, 2022 (Rec. Doc. 26-1 at 5; Rec Doc. 37 at 5). Approximately a year later, on September 14, 2023, Plaintiff was removed from his role as a DEA Task Force Officer. (Rec. Doc. 1 at 2; Rec. Doc. 26-1 at 6.) Plaintiff then initiated this action against the Attorney General of the United States ("Defendant") on January 27, 2025. (Rec. Doc. 1).

Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964. (Id. at 10). Namely, Plaintiff proffers Defendant violated Title VII, 42 U.S.C. § 2000(e) when "acting within the scope and course of their employment, [the Defendant] engaged in a pattern and practice of intentional discrimination upon [the Plaintiff's] race…" (Id.) Consequently, Defendant filed its Answer (Rec. Doc. 1) on May 20, 2025.

This Court ordered to administratively close this case for statistical purposes on June 25, 2025. (Rec. Doc. 16). This Court also ordered parties to reopen the case and set a preliminary conference no later than September 5, 2025. (Id.) Plaintiff filed a Motion to Reopen the Case on

September 3, 2025 (Rec. Doc. 17), where this Court granted the motion and reopened the case on September 8, 2025. (Rec. Doc. 18.)

On August 4, 2026, Defendant filed this Motion for Summary Judgment.[3] (Rec. Doc. 26.) Defendant alleges that Plaintiff cannot establish a *prima* facie case of discrimination nor prove that the reasons for withdrawing the conditional offer letter were a pretext for discrimination. (Rec. Doc. 26-1 at 2.) Plaintiff responded with his Opposition, asserting that he has established direct evidence of discrimination, or in the alternative, has proven either a *prima facie* case of discrimination or a pretext of discrimination. (Rec. Doc. 37.) Defendant replied. (Rec. Doc. 38).

## II. LAW & ANALYSIS

### A. Legal Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material in support or opposition of a motion for summary judgment may be considered if it is "capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see*, *e.g.*, *Liedtke v. City of Austin*, 185 F.4th 560, 570 (5th Cir. 2026).

---

[3] On August 11, 2026, Defendant filed a Memorandum in Support of the Motion for Summary Judgment (Rec. Doc. 32). Within that memorandum, Defendant expressed reasons for denying Plaintiff's motion to continue the submission date of the motion for summary judgment. Id.

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct at 2553-54; *Moody v. Jefferson Par. Sch. Bd.,* 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 190 (5th Cir.1991)). Should the movant meet its burden, the burden then shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. This burden is not satisfied with "'some metaphysical doubt as to the material facts,' *Matsushita*, 475 U.S. at 586, by 'conclusory allegations,' *Lujan v. National Wildlife Federation,* 497 U.S. 871, 885-86 (1990), by 'unsubstantiated assertions,' *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a 'scintilla' of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)". *See Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, when viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

In a discrimination case, the plaintiff bears the ultimate burden of proving that the defendant intentionally discriminated against him because of his race. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 508 (1993). A plaintiff may establish intentional discrimination through either direct or circumstantial evidence. *Wallace v. Methodist Hosp. Sys*., 271 F.3d 212, 219 (5th Cir. 2001). However, "'direct evidence is rare' for discrimination cases." *Coleman v. Chevron Phillips*

*Chem. Co., L.P.*, No. 24-20244, 2025 WL 880534, *1, at *2 (5th Cir. 2025) (quoting *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328 (5th Cir. 1994). The Fifth Circuit has defined direct evidence as "evidence which, if believed, proves the fact without inference or presumption. A statement or document which shows 'on its face that an improper criterion served as a basis—not necessarily the sole basis, but a basis—for the adverse employment action [is] direct evidence of discrimination." *Clark v. Champion Nat'l Sec., Inc.,* 952 F.3d 570, 579 (5th Cir. 2020) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993); *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018)).

Where a defendant moves for summary judgment on an employment discrimination claim based on circumstantial evidence, the Court utilizes the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Turner v. Kan. City S. Ry. Co.,* 675 F.3d 887, 892 (5th Cir. 2012). The first step of the *McDonnell Douglas* framework requires "[t]he plaintiff [to] establish a *prima facie* case that the defendant made an employment decision that was motivated by a protected factor." *Id.* (quoting *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1089 (5th Cir.1995)). To establish a *prima facie* case of discrimination based on disparate treatment, the Fifth Circuit requires a plaintiff to show: "'(1) [he] is a member of a protected class; (2) [he] was qualified for the position she sought; (3) [he] suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably.'" *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997-98 (5th Cir. 2022) (quoting *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007)). Under the fourth factor, the plaintiff must show that they were treated "less favorably than a similarly situated employee outside of their protected class in nearly identical circumstances." *Id.*at 998 (citing *Lee v. Kan. City*

*S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009); *McDonell Douglas*, 411 U.S. at 802). "The similarly situated employee is known as a comparator. *Id.*

If the plaintiff establishes a *prima facie* case, the court proceeds to the second stage of the analysis, where "the defendant bears the burden of producing evidence that its employment decision was based on a legitimate nondiscriminatory reason." *Turner v. Kan. City S. Ry. Co.,* 675 F.3d at 892; *see also Watkins v. Tregre*, 997 F.3d 275 (5th Cir. 2021) (citing *Alverado*, 492 F.3d at 611 (the defendant's burden is "one of production--not persuasion.")). If the defendant satisfies its burden, the analysis moves to the third *McDonnell Douglas* stage, where "[t]he burden…shifts back to the plaintiff to prove that the defendant's proffered reasons were a pretext for discrimination." *Id.* Notably, "the burden of proof remains with the employee throughout" the analysis. *Saketkoo*, 31 F.4th (citing *Lee v. Kan. City S. Ry. Co.*, 574 F.3d at 259; *St. Mary's Honor Ctr.*, 509 U.S. at 518 (quoting *Tex. Dep't of Cmty. Affs. v. Burdine,* 450 U.S. 248, 253 ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.")).

At the third stage, the plaintiff must produce "substantial evidence" that the proffered reason is a pretext for discrimination. *Watkins*, 997 F.3d at 283 (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id.* (citing *Laxton*, 333 F.3d at 579). The plaintiff may establish pretext of discrimination "either through evidence of disparate treatment or by showing that [the defendant's] proffered explanation is false or 'unworthy of credence.'" *Id.* (quoting *Laxton*, 333 F.3d at 578).

To survive summary judgment in a discrimination case, the plaintiff must first be able to establish a *prima facie* case of discrimination. *Saketkoo*, 31 4th 990 at 998-99. Where the plaintiff

fails to offer evidence of a similarly situated comparator, the Fifth Circuit recently held that summary judgment is proper. *Bravo v. Dallas Indep. Sch. Dist.,* 177 F.4th 604, 607 (5th Cir. 2026) ("To survive summary judgment, Bravo must offer evidence that he was treated less favorably than a similarly situated employee who was not a member of his protected class. Because he cannot, he fails to carry his prima facie burden under *McDonnell Douglas*, and the district court properly granted summary judgment.").

**B. Analysis**

**1. Mr. Hearn has Failed to Establish Direct Evidence.**

At the outset, Mr. Hearn has failed to establish direct evidence for his Title VII discrimination claim. He alleged that there was ample direct evidence of discrimination, such as a racially charged comment and false statements regarding knowledge of his race. (Rec. Doc. 37 at 6-7.) However, the evidence submitted by him requires an inferential step or fails to prove discrimination on its face. *See Clark,* 952 F.3d at 579.

Beginning with the statement, Mr. Hearn only offers his own deposition as proof of discrimination. He proffers that Special Agent Delgado told him prior to the start of his first polygraph exam, "Please excuse my manner of speaking because I grew up in the Ninth Ward of New Orleans." (Rec. Doc. 37-3 at 11.) According to him, Special Agent Delgado subjected him to unnecessary and offensive racial code by referencing the Ninth Ward. (Rec. Doc. 37 at 7.)

Next, Mr. Hearn alleges that the polygraph examiners denied his conditional offer letter based on his race, as they had access to documents listing his race or color. (Id.) He argues that DEA personnel had access to documents listing his race or color, and the examiners denial of such access illustrate discriminatory intent. (Id.) The relevant documents are his driver's license (Rec. Doc. 37-2) and Pre-Test Interview Worksheet (Rec. Doc.37-5), both of which indicate he is African

American. It is worth noting that Defendant refutes access to such documents during the relevant period. (Rec. Doc. 38 at 9.) ("Contrary to Plaintiff's assertions in his opposition, the DEA confirmed that during the relevant timeframe of June 1, 2022, through December 31, 2022, none of the quality control reviewers accessed either Hearn's driver's license or the Form-74.")

In response, Defendant has cited *Clark v. Champion Nat'l Sec., Inc.*, providing this Court with illustrations of direct evidence in the Fifth Circuit. For example, in *Portis v. First Nat. Bank of New Albany, Miss.*, 34 F.3d 325 (5th Cir. 1994), the Fifth Circuit found direct evidence where the plaintiff's supervisor told her on multiple occasions that she "wouldn't be worth as much as the men would be to the bank." *Clark,* 952 F.3d at 579-80 (citing *Portis*, 34 F.3d at 329). Similarly, in *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473 (5th Cir. 2015), the Fifth Circuit explicated that multiple statements by the plaintiff's general manager stating she was "too black to do various tasks" was also direct evidence. *Id.* (citing *Etienne*, 778 F.3d at 476).

After considering the evidence brought forward by Mr. Hearn and the precedential illustrations by Defendant, both the statement and the alleged false knowledge fail to reach the threshold of direct evidence. Each instance requires an inferential step and fails to prove discrimination on their face. Without any further evidence, this case is not one of the rare instances of direct evidence, *Coleman v. Chevron Phillips Chem. Co., L.P.*, No. 24-20244, 2025 WL 880534, *1, at *2 (5th Cir. 2025) (quoting *Portis*, 34 F.3d at 328), and this Court will now apply the *McDonell Douglas* framework.

**2. Mr. Hearn has Failed to present a Comparator, resulting in Summary Judgment.**

Mr. Hearn has failed to provide this Court with evidence of a comparator, thereby failing to demonstrate a *prima facie* case of discrimination, and resulting in summary judgment in favor of Defendant. This past Summer, in *Bravo v. Dallas Indep. Sch. Dist.*, the Fifth Circuit held that a

plaintiff remains required to prove a similarly situated comparator during a *McDonell Douglas* analysis. *See Bravo v. Dallas Indep. Sch. Dist.*, 177 F.4th at 607. In *Bravo*, the plaintiff "failed to offer any evidence of a similarly situated comparator," resulting in the Fifth Circuit affirming summary judgment in favor of the defendant. *Id.* at 606.

Here, Mr. Hearn proposed that the Fifth Circuit does not require comparator evidence at the *prima facie* stage. (Rec. Doc. 37 at 8.) He relies on *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236 (5th Cir. 2019) and *Russell v. McKinney Hosp. Venture*, 235 F.3d 219 (5th Cir. 2000) for his interpretation. (Id.) In *Garcia,* the Fifth Circuit analyzed a Title VII retaliation claim and elucidated that the plaintiff demonstrated a sufficient comparator. *Garcia*, 938 F.3d at 244-46. In *Russell*, the parties stipulated that the plaintiff established a *prima facie* case, which included the plaintiff establishing a sufficient comparator. *Russell*, 235 F.3d at fn.5; (Rec. Doc. 38 at 6.)

Like the plaintiff in *Bravo*, Mr. Hearn has failed to provide any evidence of a comparator. Without evidence of a comparator, he cannot carry his *prima facie* burden under the *McDonell Douglas* framework. The absence of comparator evidence prevents moving forward with instant claims. *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct at 2553-54; *Moody v. Jefferson Par. Sch. Bd.,* 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 190 (5th Cir.1991). For the reasons set forth above, Defendant's motion for summary judgment on the discrimination claim for disparate treatment is granted.

New Orleans, Louisiana, this 2nd day of October 2026

Senior United States District Judge